**Richmond**

JOYCE M. PETERSON

v.

COMMONWEALTH OF VIRGINIA

No. 0613-86

Decided December 15, 1987

392

COUNSEL

Sa'ad El-Amin (Sa'ad El-Amin & Associates, on brief), for appellant.

David A. Rosenberg, Assistant Attorney General (Margaret Poles Spencer, Assistant Attorney General; Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLE, J.** — Joyce Marie Peterson was tried by a judge and found guilty of felonious possession of marijuana with the intent to distribute in violation of Code § 18.2-248.1. She contends that her conviction should be reversed because: (1) double jeopardy barred the felony possession prosecution after she had been convicted of misdemeanor possession arising out of the same occurrence; (2) due process was violated when the Commonwealth reinstituted the felony possession charge upon her appeal to the circuit court of her plea-based misdemeanor possession conviction; and (3) the evidence was insufficient to establish that she constructively possessed marijuana. We conclude that neither the defendant's double jeopardy nor due process rights were violated and that the evidence was sufficient to sustain a conviction of possession with intent to distribute in violation of Code § 18.2-248.1; therefore, we affirm.

On October 18, 1985, Richmond police officers executed a search warrant at 3940 Terminal Avenue in Richmond. The defendant, Joyce Marie Peterson, answered the door. As she opened it, the officers saw a man, later determined to be Richard Yates, running into a room upstairs. They immediately pursued him and found him in the bathroom attempting to flush marijuana down the commode. Two plastic bags of marijuana were found outside the bathroom window and two were found inside the bathroom window.

The officers continued their search of the premises. In an upstairs front room, on the floor, they seized thirteen clear plastic bags of marijuana, a brown paper bag containing sixteen clear plastic bags of marijuana, and a black leather pouch containing $380. On the top of a dresser in the same room officers found

triple beam scales, three clear plastic bags of marijuana, a box of clear plastic sandwich bags, and a hand-rolled marijuana cigarette. A VEPCO "turn off" notice addressed to the defendant at 3940 Terminal Avenue and a loaded .38 caliber gun were found in the top dresser drawer. In the second dresser drawer, the officers found two boxes of clear plastic sandwich bags and a box of EZ-Wider rolling papers. The dresser drawers also contained male clothing. In a bedroom twelve feet from the upstairs front room, the officers found a clear plastic bag containing marijuana, a loaded revolver and photographs of bales of marijuana in a dresser drawer, and a box of weights on top of the dresser. The drawers and closet in this room contained female clothing.

The officers then placed the defendant under arrest for possession of marijuana with intent to distribute in violation of Code § 18.2-248.1. When asked her address, she gave 3940 Terminal Avenue as her residence. An officer then read Peterson her *Miranda* rights and asked, "How long has marijuana been being [sic] sold out of your house?" She replied, "Maybe three months. I'm not going to answer. I want to talk to my lawyer."

The defendant and the Commonwealth subsequently orally plea-bargained that the defendant would plead guilty to unlawful possession of marijuana in violation of Code § 18.2-250.1 and receive a sentence of twelve months in jail and a $400 fine. The district court judge accepted her plea and entered judgment on the plea agreement on January 9, 1986. On January 19, 1986, within the ten day time limit to appeal misdemeanor convictions to the circuit court, the defendant filed her notice of appeal with the general district court.

Thereafter, on March 10, 1986, before any proceedings on the misdemeanor offense in the circuit court, the Commonwealth reinstituted the original felony possession charge by a direct indictment against the defendant. She was tried and convicted by a judge on the felony possession charge and sentenced to four years in the penitentiary with two years suspended. The misdemeanor offense was never prosecuted in the circuit court and remains pending there.

The defendant claims that her double jeopardy and due process rights were violated when the original felony possession charge was reinstituted after she exercised her statutory right to a *de*

*novo* trial upon her plea-bargained misdemeanor conviction. She further claims that, even if her constitutional rights were not violated, the evidence was insufficient to establish her possession of the marijuana.

## DOUBLE JEOPARDY

The fifth amendment of the United States Constitution declares that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."[1] U.S. Const. amend. V. The Virginia Constitution likewise protects an individual from being "put twice in jeopardy for the same offense." Va. Const. art. I, § 8. The double jeopardy clause of these two constitutions basically affords a defendant three protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted); *Jordan v. Commonwealth*, 2 Va. App. 590, 593, 347 S.E.2d 152, 154 (1986). Whether two crimes constitute the "same offense" for double jeopardy purposes was determined in *Blockburger v. United States*, 284 U.S. 299, 304 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

Consequently, a lesser included and a greater offense are the "same offense" under *Blockburger*. *See Brown v. Ohio*, 432 U.S. 161, 169 (1977). In the present case, the defendant was first convicted of unlawful possession of marijuana, a misdemeanor.[2] Then she was convicted of possession of marijuana with the intent to distribute,[3] a felony, arising out of the same occurrence. These

---

[1] The Supreme Court held in *Benton v. Maryland*, 395 U.S. 784 (1969) that the double jeopardy clause was applicable to the states through the fourteenth amendment.

[2] Code § 18.2-250.1(A) provides, in pertinent part, "It is unlawful for any person knowingly or intentionally to possess marijuana."

[3] Code § 18.2-248.1(A) provides, in pertinent part, "[I]t shall be unlawful for any person to sell, give, distribute, or possess with intent to sell, give or distribute marijuana."

two violations constitute the "same offense" under *Blockburger* because the elements of both are identical, except that intent to distribute must be established for a felony conviction. Clearly, unlawful possession of marijuana is a lesser included offense of possession of marijuana with the intent to distribute.

 This determination is of no consequence, however, unless jeopardy attached in the first proceeding. In a jury trial, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 35 (1978). In a bench trial, jeopardy does not attach until the first witness has been sworn. *Serfass v. United States,* 420 U.S. 377, 388 (1975). Where there is no trial at all, but rather a plea of guilty, as in the case at bar, jeopardy attaches when the court accepts the defendant's plea.[4] *United States v. Hecht,* 638 F.2d 651, 657 (3d Cir. 1981); *United States v. Bullock,* 579 F.2d 1116, 1118 (8th Cir.), *cert. denied,* 439 U.S. 967 (1978). Because the general district court accepted the defendant's guilty plea and sentenced her thereon, jeopardy attached in that proceeding. She could not be tried again for the "same offense" absent special circumstances. With these principles in mind, we now address whether the defendant's subsequent felony conviction was a violation of double jeopardy.

The Commonwealth argues, based on a recent U.S. Supreme Court case, *Ricketts v. Adamson,* 107 S. Ct. 2680 (1987), that the defendant waived her double jeopardy rights by entering into the plea agreement. However, *Ricketts* is readily distinguishable from the present case. In *Ricketts,* the defendant, charged with first-degree murder, entered into a plea agreement whereby he would plead guilty to a charge of second-degree murder, receive a sentence of forty-eight to forty-nine years, with a total incarceration time of twenty years and two months, and testify against two other individuals involved in the murder. The plea agreement was very explicit in its terms and conditions: "[s]hould the defendant refuse to testify or should he at any time testify untruthfully . . . then this entire agreement is null and void and the original charge [of first-degree murder] will be automatically reinstated." *Id.* at 2682. The court accepted the defendant's plea and he was sen-

---

[4] Although the Supreme Court has never ruled on when jeopardy attaches in the case of guilty pleas, it said in *Ricketts v. Adamson,* 107 S. Ct. 2680, 2685 (1987): "We may assume that jeopardy attached at least when respondent was sentenced . . . on his guilty plea."

tenced. When the defendant later refused to testify, he was reindicted, tried and convicted of first-degree murder. The defendant petitioned for habeas corpus relief on double jeopardy grounds. *Id.* at 2682-84. The Supreme Court affirmed the conviction, holding:

> The terms of the agreement could not be clearer: in the event of respondent's breach . . . the parties would be returned to the *status quo ante*, in which case respondent would have no double jeopardy defense to waive. And, an agreement specifying that charges may be *reinstated* given certain circumstances is, at least under the provisions of this plea agreement, *precisely* equivalent to an agreement waiving a double jeopardy defense.

*Id.* at 2685-86 (emphasis in original).

■ Although double jeopardy need not be specifically waived in a plea agreement, *id.* at 2685, a waiver of any constitutional right must be knowingly, intelligently, and voluntarily made. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). We hold that the plea agreement in this case did not amount to an agreement to waive a double jeopardy defense. The plea agreement was not in writing, and there was no express agreement that if the defendant appealed her conviction to the circuit court the original charge would be reinstated. In addition, there is no evidence in the record that the defendant knew that a consequence of appealing her plea-based conviction was possible reinstatement of the original offense. For these reasons, we find that the plea agreement in this case, unlike the one in *Ricketts*, is not sufficient to constitute a knowing and intelligent waiver of the defendant's double jeopardy protections. Therefore, we must address whether the defendant's double jeopardy rights were violated when she was subsequently tried and convicted on the original greater offense.

First, the defendant argues, based on *Green v. United States*, 355 U.S. 184 (1957), that when she was convicted of the misdemeanor offense, she was impliedly acquitted of the felony offense. However, her reliance on *Green* is misplaced. In *Green*, the defendant was tried for first degree murder but convicted of second degree murder. When his conviction was reversed on appeal, he was retried for first degree murder. *Id.* at 185-86. The Supreme Court held that retrial on the first degree murder charge violated double jeopardy because the defendant could have been convicted

on that charge at the first trial, and in finding the defendant guilty of second degree murder, the fact finder impliedly acquitted the defendant of first degree murder. *Id.* at 190.

■ *Green* is readily distinguishable from the case at bar. In this case, the defendant was not tried for felony possession; rather, she pled guilty to misdemeanor possession and was convicted of misdemeanor possession. The felony charge was not before the general district court; indeed, the general district court is without jurisdiction to try felony cases or accept pleas to felony charges. *See* Code § 16.1-123.1. Even if the general district court had power to convict the defendant of felony possession, acceptance of a plea to a lesser offense does not constitute an acquittal on the greater offense. "[O]nly when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged' " is the defendant acquitted. *United States v. Scott*, 437 U.S. 82, 97 (1978) (quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977)). The acceptance of the guilty plea to misdemeanor possession did not constitute an inferential finding of not guilty of the greater charge of felony possession. Consequently, the defendant was not impliedly acquitted of felony possession, and she could be retried for felony possession unless some other double jeopardy principle barred reprosecution.

Next, the defendant argues, based on *Brown v. Ohio*, 432 U.S. 161 (1977), that since she was convicted of misdemeanor possession, a lesser included offense, she could not later be tried or convicted of felony possession, a greater offense, arising out of the same occurrence. In *Brown*, the defendant was charged with the misdemeanor of joyriding and pled guilty. Then he was tried and convicted of auto theft, a felony, arising out of the same occurrence. *Id.* at 162-63. The Supreme Court held that the double jeopardy clause prohibited prosecution on the greater offense after conviction on the lesser included offense because they were the "same offense." *Id.* at 169. At first blush, *Brown* appears to be controlling, but our *de novo* appeal process and the breach of the plea agreement in this case distinguish it from the present case.

■ In *Brown*, nothing had occurred since the defendant's initial misdemeanor conviction to warrant any further conviction. The defendant had not appealed his conviction and had it reversed, or breached a plea agreement upon which his conviction was based,

or appealed his conviction for a trial *de novo*. When the defendant in this case appealed her misdemeanor possession conviction to the circuit court, as she had a right to do under Code § 16.1-132, her conviction was vacated. An appeal taken in accordance with Code § 16.1-132 is, in effect, a statutory grant of a new trial to the accused. "It annuls the judgment of the inferior tribunal as completely as if there had been no previous trial." *Gaskill v. Commonwealth*, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965). Therefore, the defendant can be retried for the same or a greater offense without double jeopardy being violated.[5]

▆ Although this particular issue has not been addressed by other courts due in part to the uniqueness of Virginia's *de novo* appeal process, an analogous issue has been addressed by several federal and state courts, namely, whether retrying a defendant who has successfully appealed his plea-based conviction on an offense originally charged in the indictment but pled down violates double jeopardy. Those courts which have addressed the issue have consistently answered this inquiry in the negative. *See United States v. Whitley*, 759 F.2d 327 (4th Cir.), *cert. denied*, 474 U.S. 873 (1985); *United States v. Barker*, 681 F.2d 589 (9th Cir. 1982); *Klobuchir v. Commonwealth*, 639 F.2d 966 (3d Cir.), *cert. denied*, 454 U.S. 1031 (1981); *Hawk v. Berkemer*, 610 F.2d 445 (6th Cir. 1979); *United States v. Williams*, 534 F.2d 119 (8th Cir.), *cert. denied*, 429 U.S. 894 (1976); *United States v. Anderson*, 514 F.2d 583 (7th Cir. 1975); *Williams v. State*, 494 So. 2d 819 (Ala. Crim. App. 1986); *State v. Boudreaux*, 402 So. 2d 629 (La. 1981); *Commonwealth v. Tabb*, 491 Pa. 372, 421 A.2d 183 (1980), *cert. denied*, 450 U.S. 1000 (1981). These courts reason that retrial on the original charges after a guilty plea has been reversed and vacated on appeal does not constitute double jeopardy; rather, jeopardy of the first trial continues through the appeal and into the subsequent retrial. We hold that double jeopardy is not violated where a defendant is re-indicted on the original offense after an appeal *de novo* to the circuit court because the plea-based conviction is thereby vacated and jeopardy continues until a final conviction is rendered.

---

[5] Although the Commonwealth's action in charging the defendant with a greater offense upon her *de novo* appeal does not violate double jeopardy, it is possible that such action could violate due process. This issue is addressed in part II of this decision.

## DUE PROCESS

Next, the defendant contends that the Commonwealth's action in reinstituting the felony possession charge upon her *de novo* appeal of the misdemeanor possession conviction constitutes a violation of due process. She bases this contention on *Blackledge v. Perry*, 417 U.S. 21 (1974).

In *Blackledge*, the defendant was charged, tried and convicted in a North Carolina district court of the misdemeanor of assault with a deadly weapon. The defendant then appealed his conviction for a trial *de novo* to the North Carolina Superior Court. *Id.* at 22. In North Carolina, as in Virginia, a person convicted in the district court has a right to a trial *de novo* in the higher circuit or superior court. Upon the defendant's filing of a notice of appeal, the prosecutor obtained an indictment from a grand jury, charging the defendant with the felony of assault with a deadly weapon with intent to kill, arising out of the same occurrence as the misdemeanor conviction. The defendant was convicted on the felony charge and subsequently petitioned for habeas corpus relief on the grounds that indictment on the felony charge constituted a penalty for his exercising his statutory right to appeal, and thus contravened the due process clause of the fourteenth amendment. *Id.* at 23-25.

In reversing the conviction, the Supreme Court held:

> A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial *de novo* in the Superior Court since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals — by "upping the ante" through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy — the State can insure that only the most hardy defendants will brave the hazards of a *de novo* trial.

> . . . A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension

that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.

Due process of law requires that such a potential for vindictiveness must not enter into North Carolina's two-tiered appellate process. We hold, therefore, that it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial *de novo*.

*Id.* at 27-29 (citation omitted).

 Thus, the due process clause of the fourteenth amendment protects a defendant from prosecutorial vindictiveness for having exercised his statutory right to a trial *de novo*. The defendant asserts that this case fits squarely within the holding of *Blackledge*, and that her conviction must be reversed. We disagree and hold that the prosecution's action in reinstating the original felony possession charge does not amount to prosecutorial vindictiveness.

In *Blackledge*, the prosecutor initially decided to charge the defendant with a misdemeanor only. It was not until the defendant exercised his statutory right to appeal that the prosecutor "upped the ante" by having the defendant indicted on the felony. In the present case, however, the defendant was initially charged with a felony, but, as a result of the plea bargain, she was convicted of a misdemeanor.

 When the defendant appealed her misdemeanor conviction to the circuit court, her guilty plea was vacated and her plea agreement breached. Where a defendant pleads guilty pursuant to a plea agreement and receives the agreed upon sentence, an implied term of the agreement is that the defendant will not appeal what he has bargained for and received. *See Williams v. State*, 494 So. 2d 819, 824 (Ala. Crim. App. 1986). If he does, then he has breached the plea agreement and the Commonwealth is free to reinstate the original charges, as it did in the present case. This conduct is not prosecutorial vindictiveness. Other courts in an analogous situation have so held. For example, in *United States v. Anderson*, 514 F.2d 583 (7th Cir. 1975), defendant, charged with armed robbery, pled guilty to the lesser offense of robbery as the result of a plea agreement. Subsequently, he successfully peti-

tioned to have his guilty plea vacated. The prosecution thereafter reindicted the defendant on armed robbery, and he was tried and convicted on that charge. *Id.* at 585. In affirming the conviction against attack on due process grounds, the seventh circuit held:

> The greater charge had been dropped in return for a plea of guilty to the lesser one. After that plea was vacated the situation reverted to the pre-plea stage. . . . The decision to prosecute [the defendant] for the more serious offense can on its face be explained in terms other than vindictiveness because of a successful appeal. There is no appearance of retaliation when a defendant is placed in the same position he was in before he accepted the plea bargain. The mere reinstitution of the [original] charges, under these circumstances, did not amount to a deprivation of [the defendant's] due process rights.

*Id.* at 588; *see also United States v. Whitley*, 759 F.2d 327 (4th Cir.), *cert. denied*, 474 U.S. 873 (1985); *United States v. Williams*, 534 F.2d 119 (8th Cir.), *cert. denied*, 429 U.S. 894 (1976); *State v. Boudreaux*, 402 So. 2d 629 (La. 1981).

We hold that there is no prosecutorial vindictiveness where the prosecution, as in this case, merely reinstates the original charges after a defendant appeals his plea-bargained guilty plea. Therefore, the defendant's due process rights were not violated.

### SUFFICIENCY OF THE EVIDENCE

■ Having disposed of the defendant's constitutional arguments, we now address whether the evidence was sufficient to sustain a conviction for possession of marijuana with intent to distribute. On appeal, the evidence must be viewed in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982). The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Code § 8.01-680; *Evans v. Commonwealth*, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975).

 Possession may be actual or constructive. *Clodfelter v. Commonwealth*, 218 Va. 619, 622, 238 S.E.2d 820, 822 (1977). Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control." *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). Mere proximity to the controlled substance is not enough to establish possession. *Wright v. Commonwealth*, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977). And no presumption of possession arises from the ownership or occupancy of premises where marijuana is found. Code § 18.2-250.1(A); *see Bentley v. Cox*, 508 F. Supp. 870, 874 (E.D. Va. 1981).

██ We find ample evidence in the record to support a conviction of possession of marijuana with the intent to distribute. The defendant, upon her arrest, gave 3940 Terminal Avenue as her address, and she had resided there since before March 21, 1985, the date of the VEPCO "turn off" notice addressed to her at 3940 Terminal Avenue and found in the upstairs front room. "While no presumption arises from the ownership or occupancy of premises where marijuana is found, it is a circumstance which may be considered by the court, along with the other evidence, in determining the defendant's guilt or innocence." *Gillis v. Commonwealth*, 215 Va. 298, 301, 208 S.E.2d 768, 770-71 (1974). After being read her rights, the defendant acknowledged that drugs had been sold from her house for about three months. Drugs and drug paraphernalia were found in at least three different rooms in the house, much of it in plain view. These facts, we believe, establish that the defendant knew of the presence of the drugs and create a reasonable inference that they were subject to her dominion and control.

The defendant's contention that her constructive possession was not established because most of the drugs were found either in the bathroom in Richard Yates' presence or in the upstairs front room which contained only male clothing, is mistaken. While these facts may establish Yates' possession, they do not necessarily negate the defendant's possession. Possession need not be exclusive; it may be joint. *Ritter v. Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 805-06 (1970). A box of weights, a loaded gun and a bag of marijuana were found in the upstairs bedroom containing female cloth-

ing. The upstairs front room where most of the drugs were seized was only twelve feet from that bedroom, and most of the drugs were in plain view. In the light most favorable to the Commonwealth, these facts were sufficient to establish the defendant's constructive possession of the marijuana. Accordingly, we affirm the conviction.

*Affirmed.*

Baker, J., and Duff, J., concurred.