# CIRCUIT COURT OF ROCKINGHAM COUNTY

Commonwealth of Virginia

v.

Katrina Painter

May 28, 2004

Case No. 29562

BY JUDGE JOHN J. MCGRATH, JR.

This case is before the Court on Defendant's Motion to Dismiss and Exclude Evidence.

## *Facts*

On November 18, 2003, the Defendant appeared in the Rockingham County General District Court for a preliminary hearing on a "Warrant of Arrest–Felony" charging Third Offence Petit Larceny in violation of § 18.2-96 of the Code of Virginia. The Commonwealth presented sworn testimony on the present larceny but failed to offer evidence of two prior convictions of Petit Larceny as required for the crime charged. The Court,

therefore, reduced the charge to Petit Larceny, a misdemeanor, and proceeded to try Defendant under § 19.2-186 of the Code of Virginia. The Court convicted the Defendant of simple Petit Larceny and imposed sentence.

The Defendant then appealed her conviction to the Rockingham County Circuit Court. The Commonwealth, rather than pursuing the misdemeanor charge, moved for an Order of *Nolle Prosequi*, which the Circuit Court granted on January 13, 2004. The Commonwealth then, on February 17, 2004, obtained a direct indictment on the original felony charge of Larceny–Third Offence. Defendant now urges the Court to dismiss the Larceny–Third Offence charge based on the principals of due process, double jeopardy, collateral estoppel, and res judicata.

*Analysis*

A. *Due Process*

Defendant's due process claim hinges on the proposition that the prosecution may not "up the ante" in retaliation for the Defendant's exercise of her statutory right to appeal. The United States Supreme Court discussed this issue in *Blackledge v. Perry*, 417 U.S. 21 (1974), where it stated:

> A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals - by "upping the ante" through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy - the State can insure that only the most hardy defendants will brave the hazards of a de novo trial. ... A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.

*Id*. at 27-29 (footnotes omitted).

The Court of Appeals of Virginia has applied this rule to find a *per se* violation of due process when the Commonwealth originally prosecutes the Defendant for a lesser included offense and then increases the charge to a greater offense upon the Defendant's appeal. *See Allen v. Commonwealth,* 36 Va. App. 334, 549 S.E.2d 652 (2001). As the Defendant admits in her brief, this is not the scenario before the Court in this case.

In the case at hand, the Commonwealth originally sought to prosecute the Defendant for Larceny -Third Offense, a felony. After the Defendant's appeal and the granting of the Motion for *Nolle Prosequi* in that case, the Commonwealth did not indict on a more serious charge, but reinstated its original charge. The Court of Appeals has already held that in such a case "a due process violation did not occur ... because the defendants did not face a more serious charge in the circuit court than they first encountered in the general district court." *Id.* at 341, (*explaining Peterson v. Commonwealth,* 5 Va. App. 389, 363 S.E.2d 440 (1991)).

Moreover, the Defendant offers no additional evidence tending to show that the Commonwealth brought back the felony charge as a vindictive attempt to punish the Defendant for taking an appeal. To hold that there has been a *per se* due process violation based solely on the fact that the Commonwealth reinstated its original charge after the Defendant's appeal would be inconsistent with precedent. *See Id.*

## B. *Double Jeopardy*

Before addressing the Defendant's double jeopardy argument, it is helpful to recall the operation of § 19.2-186 of the Code of Virginia. If a general district court judge is conducting a preliminary hearing on a felony charge and finds a lack of probable cause for the felony, § 19.2-186 allows the judge to reduce the charge to a lesser included misdemeanor charge, and try the Defendant at the preliminary hearing. *See* Va. Code § 19.2-186 (2003). As such, the preliminary hearing for the felony is transformed into a bench trial for the misdemeanor. For instance, in this case the Defendant's preliminary hearing for Larceny -Third Offense was transformed into a bench trial on simple Petit Larceny. When examining issues of double jeopardy in conjunction with cases involving § 19.2-186, it is important to distinguish between the Court's function as an assessor of probable cause in a preliminary hearing and the Court's function as a trier of fact. This is so because while jeopardy does not attach in a preliminary hearing, it does attach when the Defendant is put on trial. *See Moore v. Commonwealth,* 218 Va. 388, 393, 237 S.E.2d 187, 191 (1977).

Turning to the Defendant's double jeopardy argument, the Defendant contends that the Commonwealth's attempt to reinstate the Larceny-Third Offence charge after she has already been tried and convicted for Petit Larceny in the General District Court violates principals of double jeopardy. She contends that the General District Court's reduction of the felony charge to a misdemeanor is tantamount to an acquittal on the felony charge and the Commonwealth's subsequent attempt to reinstate this felony charge violates principals of double jeopardy.

Individuals are protected from being twice put in jeopardy for the same offense by both the United States Constitution and the Virginia Constitution. U.S. Const., amend. V; Va. Const., art. I, § 8. Virginia Courts have held that the double jeopardy clauses give a Defendant essentially three protections. First, "[i]t protects against a second prosecution for the same offense after acquittal." *Peterson v. Commonwealth*, 5 Va. App. 389, 394, 363 S.E.2d 440, 443 (1991) (*citing North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted)); *Jordan v. Commonwealth*, 2 Va. App. 590, 593, 347 S.E.2d 152, 154 (1986). Second, "[i]t protects against a second prosecution for the same offense after conviction." *Id.* And third, "it protects against multiple punishments for the same offense." *Id.*

For the purposes of determining whether a Defendant has been put in jeopardy, a lesser included and the greater offense are the "same offense." *Brown v. Ohio*, 432 U.S. 161, 169 (1977) (*interpreting Blockburger v. United States*, 284 U.S. 299, 304 (1932)). Under the facts of this case, Petit Larceny is a lesser included offense of Larceny -Third Offense. Thus, the two charges at issue are the "same offense" for the purposes of determining whether the Defendant is being put in jeopardy.

A Defendant does not face the risk of being put in double jeopardy until jeopardy "attaches." *Serfass v. United States*, 420 U.S. 377 (1975). In a bench trial, jeopardy attaches when the Defendant is put to trial before a judge and the Commonwealth begins to introduce testimony. *Id.*; *Rosser v. Commonwealth*, 159 Va. 1028, 167 S.E. 257 (1933). The dismissal of a felony charge at a preliminary hearing is not tantamount to an acquittal because jeopardy has not yet attached. *Moore v. Commonwealth*, 218 Va. 388, 393, 237 S.E.2d 187, 191 (1977). Intrinsic to this rule is the fact that the General District Court does not have the power to try the Defendant for felonies. *Peterson v. Commonwealth*, 5 Va. App. 389, 397, 363 S.E.2d 440, 445 (1991). Since the Defendant is not being put in danger of conviction for the felony, jeopardy cannot attach. *Rosser* at 1036, 167 S.E. at 259; *Serfass* at 388. The only way for jeopardy to attach when the Defendant is before the General District Court on a felony preliminary hearing is when the Court finds a lack of probable cause for the felony charge, reduces the charge to a

misdemeanor, and then proceeds to try the Defendant on that misdemeanor. In such a case, jeopardy attaches because the felony and misdemeanor charges are deemed to be the "same offense" and attachment of jeopardy for the lessor included misdemeanor is equivalent to attachment for the greater felony offense. If, however, the Defendant opts to exercise her statutory right of appeal *de novo* from the general district court to a circuit court, such action annuls the former judgment as if no trial had ever occurred. *Gaskill v. Commonwealth*, 206 Va. 486, 489, 144 S.E.2d 293, 296 (1965). Thus, double jeopardy is not a bar to prosecution in a *de novo* trial at the circuit court level. *See McClellan v. Commonwealth*, 39 Va. App. 759, 576 S.E.2d 785 (2003).

Applying these principals to the facts at hand, the Court finds no violation of the Defendant's double jeopardy rights. First, the Defendant is not being prosecuted for the same offense after acquittal. It was impossible for the General District Court to acquit the Defendant of the felony charge because the District Court lacked the power or jurisdiction to try her for the felony. It follows that the Court's decision to reduce the charge to misdemeanor Petit Larceny was a finding of lack of probable cause on the felony, not an acquittal. It also follows that the lower court's conviction on the lesser included misdemeanor was not tantamount to an acquittal on the felony. There being no acquittal on the Larceny-Third Offence charge in the first place, the Commonwealth's current attempt to reinstate that charge does not violate Defendants right not to be tried for the same offense after acquittal.

Second, the Defendant is not being subsequently prosecuted for the same offense after conviction. The danger of conviction did not come into play in this case until the lower court reduced the felony charge and tried Defendant for Petit Larceny. Since the General District Court had the power to try the Defendant for the misdemeanor charge, the Defendant was clearly put in jeopardy when the Commonwealth put on its first witness. Had the defendant accepted her conviction, principals of double jeopardy would have barred the Commonwealth from reinstating the Larceny–Third Offense charge because, under *Blockberger*, she would have been being tried twice for the "same offense." When, however, the Defendant took her appeal *de novo* to the Circuit Court, she negated the events of the General District Court and it became as though jeopardy never attached. Her appeal opened the door for the Commonwealth to move for an order of *nolle prosequi* on the misdemeanor Petit Larceny charge and reinstate the original felony charge of Larceny–Third Offense without violating principals of double jeopardy.

Lastly, the Defendant is not in danger of receiving multiple punishments. Her appeal to this Court negated any punishment based on her conviction in

the General District Court. The order of *nolle prosequi* ensures that she will not be punished on her appeal of the misdemeanor charge. The only punishment Defendant can possibly receive at this point is from the charge currently before the Court.

The Defendant is not in danger of being prosecuted for the same offense after acquittal, she is not in danger of being prosecuted for the same offense after conviction, and she is not in danger of receiving multiple punishments for the same crime. Therefore, the Defendant's double jeopardy rights will not be violated upon the commencement of the current trial.

## C. *Collateral Estoppel and Res Judicata*

Defendant's final argument is that collateral estoppel and res judicata bar the Commonwealth from retrying the same claim and issues already resolved by the General District Court. The problem with this argument is that the Defendant's *de novo* appeal to the Circuit Court annulled "the judgment of the inferior tribunal as completely as if there had been no previous trial." *Gaskill v. Commonwealth*, 206 Va. 486, 489, 144 S.E.2d 293, 296 (1965). Thus, the Defendant lost her right to claim collateral estoppel and res judicata the moment she appealed the General District Court's decision.

Therefore, it is hereby adjudged and ordered that the Defendant's Motion to Dismiss is denied. The Clerk of the Court is directed to send certified copies of this Opinion and Order to W. Andrew Harding, Esq., Assistant Commonwealth's Attorney, Counsel for the Commonwealth, and to Bruce D. Albertson, Esq., Counsel for Defendant.