COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Clements
Argued at Salem, Virginia


LLOYD WILSON SMITH

v.      Record No. 3017-02-3

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROSEMARIE ANNUNZIATA
JUNE 22, 2004


FROM THE CIRCUIT COURT OF THE CITY OF BUENA VISTA
Humes J. Franklin, Jr., Judge

Eric Lee Sisler for appellant.

John H. McLees, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General; Leah A. Darron, Assistant Attorney
General, on brief), for appellee.


Lloyd Wilson Smith appeals his conviction for solicitation of sodomy of a person less

than eighteen years of age in violation of Code §§ 18.2-29 and 18.2-361. Smith contends that the

trial court erred by ruling that the Commonwealth could introduce negative evidence of his

character as a law-abiding citizen if Smith called witnesses to testify and vouch for his reputation

in the community for honesty and truthfulness. Because we find that Smith has not preserved

this argument for appeal, we affirm.

I. Background

On appeal, we view the evidence, and all reasonable inferences that may be drawn from

the evidence, in a light most favorable to the Commonwealth as the party prevailing below.

Garcia v. Commonwealth, 40 Va. App. 184, 189, 578 S.E.2d 97, 99 (2003). So viewed, the

evidence establishes that at approximately 11:00 p.m. on November 19, 2001, Smith spotted

sixteen-year-old William Moore walking along the road. Moore was walking home from a party

he attended after a high school football game.  Smith brought his car alongside Moore and offered him a ride home.  Moore agreed and got in the car.

In the car, Smith began to talk about women in the area who would have sex with him if he had the money.  He then propositioned Moore for oral sex.  Moore responded that "he didn't do that kind of thing."  As they drove towards Moore's home, Moore spotted a friend's house near a church.  He told Smith to pull into the church parking lot.  When Smith parked and turned off the car, Moore quickly exited and ran to his friend's house where he called the police.

At trial, Smith testified in his own defense.  Smith denied propositioning Moore for oral sex.  He also stated that Moore asked him for drugs and that Moore became agitated when he told him that he could not obtain drugs for him.[1]

Smith proffered to the court the testimony of three witnesses who would state, if called, that Smith had a reputation in his community for truthfulness and honesty.  In response to Smith's motion *in limine*, the trial court held a discussion in chambers and off the record with defense counsel and the Commonwealth regarding the testimony of the witnesses.  The trial judge ruled that, if Smith called these witnesses, the Commonwealth could put on evidence negating Smith's reputation "for being a law-abiding citizen."  In light of the trial court's ruling, Smith chose not to call his witnesses during his case-in-chief.[2]

A jury convicted Smith as charged and sentenced him to four years imprisonment.  This appeal followed.

---

[1] Moore denied being a drug user.

[2] However, during the sentencing phase of trial, Smith called the three witnesses who testified that Smith had a reputation for truth and honesty.

II.  Analysis

Smith contends on appeal that the trial court erred when it ruled that the Commonwealth could introduce testimony concerning Smith's reputation for unlawfulness if he called witnesses to testify to his reputation for truthfulness and honesty.  We do not reach the merits of his argument because we find that Smith failed to preserve the issue for appeal.

Although no Virginia case law is directly on point, by analogy this Court's rulings in Doan v. Commonwealth, 15 Va. App. 87, 422 S.E.2d 87 (1992), and Reed v. Commonwealth, 6 Va. App. 65, 366 S.E.2d 274 (1988), control the outcome here.  In Reed, this Court held that the defendant failed to preserve his claim of improper impeachment for appeal because the impeachment never took place.  Reed, 6 Va. App. at 69, 366 S.E.2d at 277.  In that case, the defendant sought a ruling *in limine* on the admissibility of evidence showing his prior convictions were based on perjured testimony.  Id. at 68, 366 S.E.2d at 276.  The trial court ruled such evidence inadmissible, and, as a consequence, the defendant did not testify in order to keep his prior convictions from coming into evidence.  See id.  Reed argued on appeal that the trial court's ruling deprived him of the right to testify and to call for witnesses in his favor.  Id.  We held that Reed's failure to testify at trial was fatal to his argument on appeal.

> Because Reed did not testify, we cannot determine whether the
> prosecutor would have used the prior conviction, or whether the
> judge would have allowed Reed to explain his contention as to
> how it was improperly obtained.  [Therefore,] "[a]ny possible harm
> flowing from [a trial court's] ruling permitting impeachment by a
> prior conviction is wholly speculative."

Id. at 69, 366 S.E.2d at 277 (quoting Luce v. United States, 469 U.S. 38, 41 (1984)) (second and third alterations in original).

Similarly, in Doan, we held that the defendant could not contest on appeal a trial court's ruling prospectively allowing evidence of his prior convictions for impeachment purposes when he did not testify at trial.  Doan, 15 Va. App. at 91, 422 S.E.2d at 400.  Although Doan argued

that the adverse ruling affected his decision not to testify at trial, we held that he could "'not raise the issue of improper impeachment where none occurred.'" Id. at 92, 422 S.E.2d at 401 (quoting Reed, 6 Va. App. at 69, 366 S.E.2d at 277).

Although the trial court's ruling in the instant case did not concern the impeachment of a defendant's testimony, the rationale applied in Reed and Doan mandates a similar result. Here, the Commonwealth did not present evidence concerning Smith's reputation for unlawfulness because Smith did not call witnesses to testify to his truthfulness. Thus, Smith asks this Court to issue a ruling based on the assumption that the Commonwealth would have introduced improper evidence had he called his witnesses. This Court will not "render an advisory opinion on a . . . question based upon speculative facts." Commonwealth v. Harley, 256 Va. 216, 219-20, 504 S.E.2d 852, 854 (1998).

Because Smith made a tactical decision not to present witnesses to testify as to his truthfulness, he waived his right to complain of the trial court's ruling on appeal. Accord State v. Wilson, 509 So. 2d 1281, 1282 (Fla. Ct. App. 1987). Accordingly, we affirm.

Affirmed.