Norfolk

JOHN F. DUCK

v.

COMMONWEALTH OF VIRGINIA

No. 1331-87-1

Decided August 22, 1989

568

COUNSEL

Richard E. Railey, Jr. (Railey & Railey, on brief), for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

KEENAN, J.—John F. Duck was convicted in a bench trial of driving under the influence (second offense) in violation of Code § 18.2-266. The issues presented in this appeal are: (1) whether the trial court erred in allowing amendment of the warrant to allege a "second offense;" (2) whether the trial court erred in admitting the certificate of breath analysis into evidence; and (3) whether the trial court erred in admitting into evidence certain statements made by Duck, as well as observations made by the arresting officer after she stopped him. We reverse Duck's convic-

tion based on our finding that the trial court violated Duck's due process rights when it allowed the amendment of the warrant to allege a "second offense." We do not reach the merits of the remaining issues presented because the statement of facts filed in this case is insufficient for us to fairly and accurately resolve those issues.

## I.

At trial, the evidence showed that Duck was involved in an accident while driving his motorcycle on a public highway. He apparently lost control of his motorcycle and ran it into a ditch on the side of the road. A nearby resident observed the accident from her house and called the rescue squad. When the rescue squad arrived at the scene of the accident, Duck refused to get into the ambulance and was driven from the accident scene in a vehicle belonging to a friend. The vehicle occupied by Duck left the scene as Trooper Smaw was arriving. When informed that the driver had departed, Smaw proceeded after the vehicle and stopped Duck less than one-half mile away from the accident scene. She then escorted Duck in her police car back to the scene of the accident.

While driving back to the scene, Smaw detected an odor of alcohol about Duck. She had previously observed that he did not walk in a normal stride. During the ride back to the scene, Duck was very talkative and stated that if he had not wrecked his motorcycle, the trooper would have never caught him. Smaw asked Duck whether he had had anything to drink since the accident and he stated that he had not. Duck then indicated that he had had a "couple" of beers before the accident. At trial, Duck testified that he did not remember whether he told Smaw he had not consumed any alcohol since the accident.

Duck was formally placed under arrest at the scene of the accident and advised of the implied consent provisions of Code § 18.2-268. He elected to take a breath test which showed a blood alcohol level of .14 percent.

Duck was tried and convicted in the general district court of Southampton County for driving under the influence of alcohol in violation of Code § 18.2-266. The warrant on which he was tried did not allege a second or subsequent offense. After he was con-

victed in the general district court, Duck noted his appeal to the circuit court. Prior to his arraignment in the circuit court, the Commonwealth moved the court to amend the warrant to allege driving under the influence (second offense). Duck objected to the amendment, contending that: (1) it violated double jeopardy; and (2) trial on the amended warrant would exceed the original jurisdiction of the circuit court because it would be trying him for a different misdemeanor offense. The trial court overruled Duck's objection and proceeded to try him on the amended charge. After hearing the evidence, the trial court convicted Duck and sentenced him to serve ninety days in jail and pay a fine of $300. The court suspended eighty days of the jail sentence. The court further ordered that Duck's operator's license be suspended for a period of three years.

## II.

Duck contends that his conviction in the circuit court violated his due process rights because his act of invoking his right to appeal resulted in the Commonwealth alleging a more serious offense against him. The Commonwealth argues that Duck is procedurally barred from raising this issue because he failed to raise it before the trial court. Rule 5A:18. In response, Duck concedes that he failed to raise a due process objection in the trial court but argues that he satisfied the mandate of Rule 5A:18 by objecting to the amendment of the warrant on other grounds.

Although we disagree that Duck properly preserved his due process objection, we nevertheless consider that issue in order to attain the ends of justice. Rule 5A:18. In *Cooper v. Commonwealth*, 205 Va. 883, 140 S.E.2d 688 (1965), the Supreme Court set guidelines for appellate review of issues not raised in the trial court. The Court stated:

> An appellate court may . . . take cognizance of errors though not assigned when they relate to the jurisdiction of the court over the subject matter, are fundamental, or when such review is essential to avoid grave injustice or prevent the denial of essential rights.

*Id.* at 889, 140 S.E.2d at 693. In the case before us, we are presented with an issue involving the denial of a fundamental con-

stitutional right, that of due process. Despite Duck's failure to raise this precise objection in the trial court, we consider it here because under the facts and circumstances of this case, a manifest injustice has occurred. *See generally Mounce v. Commonwealth*, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). We find a manifest injustice here because had the denial of due process not occurred, Duck, of necessity, would have received a more favorable result. He would not have been convicted of driving under the influence (second offense).

### III.

Duck argues that pursuant to *Blackledge v. Perry*, 417 U.S. 21 (1974) his due process right was violated because the Commonwealth placed a more serious charge against him when he appealed his conviction to the circuit court. The Commonwealth responds that *Blackledge* does not prohibit all possibilities of increased punishment on retrial *de novo*, but only those which pose "a realistic likelihood of 'vindictiveness.'" *Id.* at 27. Thus, the Commonwealth argues that in the case before us, since the Commonwealth's Attorney did not participate in the general district court trial, and no evidence of vindictiveness was adduced in the circuit court trial, *Blackledge* does not bar amendment of the warrant in the circuit court. We disagree.

In *Blackledge*, the Supreme Court employed a purely objective analysis in examining whether there was "a realistic likelihood of 'vindictiveness.'" The Court was not concerned with the motives of the particular prosecutor in that case. Instead, the Court focused on whether the *de novo* process itself places criminal defendants in apprehension of facing a more serious charge as a result of appealing their convictions. In employing this analysis, the Court relied on its prior reasoning in *North Carolina v. Pearce*, 395 U.S. 711 (1969). The Court stated:

> The rationale of our judgment in the *Pearce* case . . . was not grounded upon the proposition that actual retaliatory motivation must inevitably exist. Rather, we emphasized that "since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal . . . due process also requires that a defendant be freed of apprehension of such a retaliatory motivation . . ." We think it clear

that the same considerations apply here.

417 U.S. at 28 (citation omitted).

■ In *Blackledge*, the defendant had been tried in the district court for the misdemeanor charge of assault with a deadly weapon. Upon his appeal to the superior court, where he had a right to a trial *de novo*, the prosecutor obtained an indictment charging him with the felony offense of assault with the intent to kill and inflict serious bodily injury. The Supreme Court found that, although there was no evidence that the prosecutor had acted maliciously or in bad faith in obtaining the felony indictment, nevertheless the defendant's right of due process had been violated by the substitution of a more serious charge for the original offense. The Court stated:

> A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.

*Id.* at 28.

In the case before us, Duck was required to face a more serious charge in the circuit court as a result of exercising his statutory right to a trial *de novo*. On the charge of DUI (second offense), he faced a range of incarceration from one to twelve months.[1] In contrast, in the general district court on the charge of DUI (first offense), a jail sentence was not required upon conviction. Also, in the district court, the court had the option of imposing a fine in lieu of a jail sentence. We find that this difference in penalty range made the charge "a more serious charge" within the meaning of *Blackledge*.

■ The fact that Duck was exposed to a greater minimum, rather than maximum, period of incarceration as a result of the

---

[1] The amended warrant did not specify whether Duck had been previously convicted of DUI within the last five years, or within a period of five to ten years from the date of this offense. Therefore, in discussing the penalty range provided by Code § 18.2-270 for a second offense, we refer to the lesser penalty which applies to a second offense committed within a period of five to ten years after the first conviction.

amended charge does not remove his case from the protection of *Blackledge*. An increased minimum potential period of incarceration can have the same chilling effect on a defendant's exercise of his statutory right to appeal as an increased maximum potential period. In either case, the defendant is exposed to an increased penalty range because he has exercised his right to appeal. Under the facts presented here, since Duck faced a minimum jail sentence of one month under the amended charge, but was not required to receive a minimum jail sentence on the original charge in the general district court, we find that he faced "a more serious charge" in the circuit court as a direct result of exercising his statutory right to a trial *de novo*. For this reason, his due process rights were violated and his conviction must be reversed.

The remaining issues presented in this case cannot be resolved based on the record submitted to us. Both issues turn on whether Trooper Smaw's action in stopping Duck and "escorting" him back to the scene of the accident constituted an arrest away from the scene of the accident, exceeding her authority under Code § 19.2-81 to make a warrantless arrest. The statement of facts submitted here does not recount sufficient testimony for us to make this determination. Therefore, for the reasons stated, we remand this cause to the trial court for a new trial on the charge of DUI (first offense), if the Commonwealth be so advised.

*Reversed and remanded.*

Barrow, J., and Benton, J., concurred.