COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Clements and Agee
Argued at Salem, Virginia


REGINALD LEE ALLEN
                                            OPINION BY
v.    Record No. 1134-00-3          JUDGE G. STEVEN AGEE
                                            JULY 31, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                     James F. Ingram, Judge

         Joseph R. Winston, Special Appellate Counsel
         (Public Defender Commission, on brief), for
         appellant.

         Leah A. Darron, Assistant Attorney General
         (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Reginald Lee Allen (the appellant) was convicted, in a

bench trial, in the Circuit Court for the City of Danville of

fourth offense larceny, a felony, in violation of Code

§ 18.2-104.  The appellant was sentenced to serve a term of four

years incarceration on May 1, 2000, with a portion suspended.

The appellant appeals his conviction, averring the circuit court

erred in failing to dismiss his indictment.  For the following

reasons, we agree with the appellant and reverse his conviction.

                        I.  BACKGROUND

     An arrest warrant was issued on October 21, 1999 against

the appellant for a Class 1 misdemeanor, shoplifting second

offense, by the General District Court for the City of Danville for the theft of a tool set from Sears & Roebuck, Co., on October 18, 1999.  On December 14, 1999, the appellant waived his right to counsel, pleaded guilty and was convicted in the general district court for that charge:  second-offense shoplifting.  There was no plea agreement.  The general district court sentenced the appellant to serve a term of two months incarceration.  That same day, the appellant noted his appeal to the circuit court under Code § 16.1-132 for a de novo trial.  On December 20, 1999, the appellant withdrew his appeal pursuant to Code § 16.1-133, only to re-file the appeal on December 21, 1999.

The appellant, who was incarcerated in the Danville jail on other charges, testified that a bailiff escorted him to the general district court clerk's office on or about December 27, 1999, so he could again withdraw his appeal.  The clerk informed him that his court papers had already been forwarded to the circuit court.  The appellant testified he was then escorted to the circuit court clerk's office on December 28, 1999, where a deputy clerk informed him that he could not withdraw his appeal. The appellant further testified that he again returned to the circuit court clerk's office on January 4, 2000, and a deputy clerk informed him again that he could not withdraw his appeal and showed him a yellow note attached to his papers from the Commonwealth's attorney.  The note instructed the clerk's office

-

to not allow withdrawal of the appeal because the Commonwealth intended to indict the appellant.

A deputy circuit court clerk testified and verified the note from the Commonwealth's attorney, but could not confirm the appellant's recitation of the dates he says he appeared to withdraw his appeal. The appellant presented no other corroborating evidence.

On January 4, 2000, a Danville circuit court grand jury indicted the appellant for felonious fourth offense larceny for the same Sears incident that led to his misdemeanor conviction. On March 7, 2000, the Commonwealth moved the circuit court to nolle pros the appellant's misdemeanor warrant pending on appeal so it could proceed on the felony indictment. In opposition, the appellant, represented by counsel, moved the circuit court to dismiss the indictment. The appellant's grounds for dismissal were that he had withdrawn his appeal to the circuit court and he should not have been allowed to "re-appeal." The appellant argued the circuit court lacked jurisdiction once the first appeal was withdrawn, and the Commonwealth could not indict for the felony because that action would constitute twice placing the appellant in jeopardy for the same offense. The circuit court denied the appellant's motion and proceeded on the indictment to trial, where the appellant was convicted of the felony and later sentenced.

-

## II.  ANALYSIS

The appellant, on appeal, contends the circuit court erred in failing to dismiss the felony indictment.  He contends the Commonwealth denied him his right to withdraw his appeal, which would have rendered the misdemeanor conviction final and voided jurisdiction in the circuit court to proceed on the felony charge.  Therefore, he argues, the subsequent felony indictment and conviction violated the double jeopardy clauses of the constitutions of the United States and Virginia.  The appellant also makes reference in his brief to a due process deficiency under Blackledge v. Perry, 417 U.S. 21 (1974), but did not note that issue in his assignment of error or the question presented. The appellant does not appear to have made a Blackledge due process argument in the circuit court, although the phrase "due process" does appear in the record.

The Commonwealth challenges this appeal on several grounds. First, the Commonwealth contends the appellant's double jeopardy claim fails because he did not follow the notice provisions of Code § 16.1-133 in withdrawing his appeal, and under the theory that the appeal for a trial de novo under Code § 16.1-132 was in effect the statutory grant of a new trial, thereby extinguishing the original misdemeanor conviction.  The Commonwealth also contends the appellant's due process claim is barred by Rule 5A:18; that is, the Commonwealth contends the appellant is

-

procedurally barred from raising that argument for the first time on appeal.

We find this case analogous to, and controlled by, our decision in Duck v. Commonwealth, 8 Va. App. 567, 383 S.E.2d 746 (1989). Accordingly, we decide this case on the basis of the due process violation and do not address any other arguments of the parties.[1]

In Cooper v. Commonwealth, 205 Va. 883, 140 S.E.2d 688 (1965), the Supreme Court of Virginia established guidelines for appellate review of issues not raised before the circuit court:

> An appellate court may . . . take cognizance
> of errors though not assigned when they
> relate to the jurisdiction of the court over
> the subject matter, are fundamental, or when
> such review is essential to avoid grave
> injustice or prevent the denial of essential
> rights.

Id. at 889, 140 S.E.2d at 693. The denial of due process involves the denial of a fundamental constitutional right and falls within the ambit of Rule 5A:18 to attain the ends of justice. We consider the issue for that reason because under the facts and circumstances of this case, it is evident that a manifest injustice has occurred. Duck, 8 Va. App. at 570-71, 383 S.E.2d at 748. The appellant's "due process right was violated because the Commonwealth placed a more serious charge

---

[1] Because this case is determined by the application of due process principles, we do not address the Commonwealth's argument under Code § 16.1-133 regarding notice of withdrawal of an appeal.

-

against him when he appealed his conviction to the circuit court."  Id.  If the appellant had been afforded due process, he would not have been convicted of the felony offense.

In Blackledge, the defendant was tried and convicted in a North Carolina district court for the misdemeanor charge of assault with a deadly weapon.  Upon his appeal to the superior court, where he had a right to a trial de novo, the prosecutor obtained an indictment charging him with the felony offense of assault with the intent to kill and inflict serious bodily injury.  The Supreme Court of the United States held:

> A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free.  And, if the prosecutor has the means readily at hand to discourage such appeals — by "upping the ante" through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy — the State can insure that only the most hardy defendants will brave the hazards of a de novo trial.
>
>    *     *     *     *     *     *     *
>
> A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.
>
>    *     *     *     *     *     *     *

-

>We hold, therefore, that it was not constitutionally permissible for the State to respond to [the defendant's] invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial de novo.

Blackledge, 417 U.S. at 27-29 (footnotes omitted).

We applied Blackledge in Duck, where the defendant, Duck, also failed to raise the due process issue at trial. We applied the manifest injustice provision of Rule 5A:18 in his case for the same reasons as noted above.

Duck was originally charged, tried and convicted in general district court of DUI first offense. He timely noted his appeal to the circuit court for a trial de novo. Prior to arraignment in the circuit court, the warrant was amended, over Duck's objection, to charge DUI second offense, a more serious charge than the original charge upon which he had been convicted and was appealing. We found this course of action constitutionally barred as a due process violation under Blackledge.

>In the case before us, Duck was required to face a more serious charge in the circuit court as a result of exercising his statutory right to a trial de novo. On the charge of DUI (second offense), he faces a range of incarceration from one to twelve months. In contrast, in the general district court on the charge of DUI (first offense), a jail sentence was not required upon conviction. Also, in the district court, the court had the option of imposing a fine in lieu of a jail sentence. We find that this difference in penalty range made the charge "a more serious charge" within the meaning of Blackledge.

-

       *     *     *     *     *     *     *

> [W]e find that he faced "a more serious charge" in the circuit court as a direct result of exercising his statutory right to a trial de novo. For this reason, his due process rights were violated and his conviction must be reversed.

Duck, 8 Va. App. at 572-73, 383 S.E.2d at 749.

The appellant in the case at bar was originally charged and convicted on a misdemeanor shoplifting charge, for which the most severe penalty could not have exceeded twelve months incarceration with a possible fine. While exercising his statutory right to a trial de novo, by appeal, the appellant was then indicted, tried and convicted on a more serious charge (fourth offense larceny, a felony). The felony conviction carries a possible sanction of one to five years incarceration and is clearly a more serious charge than the original charge on appeal for purposes of the Blackledge analysis.

It is inconsequential that the appellant pled guilty, without any plea agreement with the Commonwealth, to the misdemeanor charge in the general district court while the defendants in Blackledge and Duck pled not guilty and were convicted at trial. The right to appeal for a hearing de novo in Code § 16.1-132 is an absolute right provided to those convicted in general district court.

The Commonwealth's reliance on Easter v. Commonwealth, 31 Va. App. 714, 525 S.E.2d 746 (2000), and Peterson v.

-

Commonwealth, 5 Va. App. 389, 363 S.E.2d 440 (1991), is not persuasive.  Both cases involved a <u>Blackledge</u> due process claim where each defendant pled guilty to a lesser-included offense than that with which he was originally charged in the general district court.  Upon appeal to the circuit court, each defendant's original charge was reinstated, not a more serious charge as is the case here.  Accordingly, a due process violation did not occur in those cases, because the defendants did not face a more serious charge in the circuit court than they first encountered in the general district court.  Here, the appellant faced a far more serious charge in the circuit court than he faced in the lower court for the same criminal incident.

Therefore, the Commonwealth's indictment and conviction of the appellant for the felony offense upon his invocation of Code § 16.1-132 was constitutionally impermissible as a violation of due process.  The appellant could only be tried in the circuit court for the original misdemeanor, and the indictment for the felony offense should have been dismissed.  Due process affords the appellant the right to a <u>de novo</u> hearing in the circuit court without having to risk an attempt by the Commonwealth to convict him of a more serious charge with a greater potential punishment, for the same criminal incident.  The appellant's due process rights were denied, and for this reason his felony conviction must be reversed.

-

Accordingly the appellant's felony conviction is reversed and dismissed.

<u>Reversed and dismissed.</u>