COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued at Salem, Virginia


TERRY WAYNE WOLFORD
                                                  MEMORANDUM OPINION* BY
v.        Record No. 2515-04-3                    JUDGE WILLIAM G. PETTY
                                                       NOVEMBER 14, 2006
COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                              Keary R. Williams, Judge

            David L. Epling, for appellant.

            Michael T, Judge, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General; Richard B. Smith, Senior Assistant
            Attorney General, on brief), for appellee.


        Appellant, Terry Wayne Wolford, appeals after a jury convicted him for feloniously

eluding a police officer in violation of Code § 46.2-817(B).  He raises three issues on appeal:

(1) Code § 19.2-294 and principles of double jeopardy[1] prohibited the Commonwealth from

prosecuting him in this case; (2) principles of due process of law and prosecutorial vindictiveness

barred the Commonwealth from prosecuting him on this charge; and (3) the evidence was

---

        *Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Wolford presents the question of whether the subsequent felony prosecution was
successive and therefore in violation of the Double Jeopardy Clause of the Virginia and United
States Constitutions.  In his opening brief, however, he concedes that the primary issue in this
question for appeal is the application of Code § 19.2-294.  Additionally, other than his reliance
on the United States Supreme Court case, Grady v. Corbin, 495 U.S. 508 (1990), overruled by
United States v. Dixon, 509 U.S. 688 (1993), Wolford failed to provide supporting law,
argument, or authority to support the constitutional issue.  Therefore, we decline to address it.
Rule 5A:20(e).

insufficient as a matter of law to convict him as charged. For the reasons that follow, we affirm the conviction.

I. BACKGROUND

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). So viewed, the evidence establishes the following.

Around 11:00 p.m., on May 31, 2003, Virginia State Trooper Gene Crouse and Trooper Rodney Ward were on patrol in Trooper Crouse's marked car when they approached an intersection with a stop sign in Buchanan County. The road was wet from rain that had fallen earlier that day. Upon approaching the intersection, the troopers witnessed a red car drive through the intersection without stopping or slowing down at the stop sign. After witnessing this violation, Trooper Crouse immediately activated his vehicle's blue lights and siren to pull the car over for a traffic stop.[2]

Instead of pulling over, the red car quickly accelerated and sped away. Although the posted speed limit was 55 mph, Trooper Crouse testified that he found it necessary to reach speeds of 70 mph simply to keep up with the red car. He further estimated that he pursued the car for approximately eight-tenths of a mile. As he approached a curve in the road, the driver of the red car lost control, veered off the roadway, then "back across both lanes of traffic" before finally "slamm[ing] head-on into a cliff."

After the crash, the driver, Terry Wolford, jumped out and attempted to flee. Trooper Crouse apprehended him after a short pursuit. Trooper Ward remained at the scene of the crash after discovering a passenger had been riding with Wolford. The passenger was unharmed in the crash. Because Trooper Crouse "noticed a strong odor of alcohol about [Wolford's] presence" he

---

[2] Trooper Crouse testified that the blue lights and siren remained activated throughout the subsequent pursuit.

arrested him and charged him with driving under the influence, failure to obey a highway sign, and having an expired inspection sticker.

Wolford's trial was held in the General District Court of Buchanan County on November 3, 2003. He was convicted of driving under the influence (DUI). The other charges were dismissed. Wolford appealed his conviction to the Circuit Court of Buchanan County. On January 26, 2004, a jury found Wolford guilty of DUI.

On January 12, 2004, a grand jury indicted Wolford for feloniously eluding a law enforcement officer in violation of Code § 46.2-817(B) (fleeing to elude). The grand jury indicted Wolford after he appealed the DUI conviction but before the trial on his *de novo* appeal. The felony charge arose from the same May 31, 2003 incident as the DUI charge.

On October 14, 2004, Wolford's trial counsel filed a motion to dismiss the felony charge, alleging that Code § 19.2-294 barred the prosecution. He asserted that Wolford had already been convicted of DUI and that the Commonwealth was relying upon the same facts used in the DUI prosecution as a basis for the felony charge. The trial court denied the motion. Wolford appeared for trial on October 18, 2004, and a jury convicted him of violating Code § 46.2-817(B) and sentenced him to five years in prison.

Wolford's trial counsel filed a post-trial motion to dismiss on grounds of double jeopardy and Code § 19.2-294. At a hearing held on February 10, 2005, the parties reargued the merits of the double jeopardy argument, and the trial court once again denied the motion.

II. ANALYSIS

A. Code § 19.2-294

In his opening brief, Wolford contends the primary issue to be decided on appeal is whether his convictions for DUI and fleeing to elude were for the same act within the meaning of Code § 19.2-294. He maintains Code § 19.2-294 barred the Commonwealth from prosecuting

him for a violation of Code § 46.2-817(B) because the Commonwealth had already obtained a conviction against him for DUI in a prior prosecution arising from the same driving incident.

Code § 19.2-294 provides in pertinent part: "[i]f the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others." This statute "prohibits multiple convictions for separate offenses arising out of the same act" if the convictions are obtained in successive, as opposed to simultaneous, prosecutions. Hall v. Commonwealth, 14 Va. App. 892, 900, 421 S.E.2d 455, 461 (1992) (*en banc*).

We are guided by several fundamental principles in our review of this case. When two offenses are related to two distinct and separate acts, the conviction of one will not bar the prosecution for the other. See Lash v. County of Henrico, 14 Va. App. 926, 930, 421 S.E.2d 851, 853 (1992) (*en banc*). "[A] conviction of one statutory offense does not bar conviction under another statutory offense if each offense could have been proved without the necessity of proving the other." Fitzgerald v. Commonwealth, 11 Va. App. 625, 628, 401 S.E.2d 208, 210, aff'd on reh'g en banc, 13 Va. App. 281, 411 S.E.2d 228 (1991). "The test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" Treu v. Commonwealth, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991) (quoting Estes v. Commonwealth, 212 Va. 23, 24, 181 S.E.2d 622, 624 (1971)). "In applying the same evidence test, 'the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself.'" Johnson v. Commonwealth, 38 Va. App. 137, 146, 562 S.E.2d 341, 345 (2002) (quoting Hall, 14 Va. App. at 898, 421 S.E.2d at 459).

While it is true that both convictions arose from the same incident of driving, "one occasion of driving an automobile may give rise to several acts and offenses . . . ." Estes, 212

- 4 -

Va. at 24, 181 S.E.2d at 624; see also Johnson, 38 Va. App. at 147, 562 S.E.2d at 346 (holding that although driving a vehicle was "conduct common and necessary to each offense, the legal disability upon defendant that attended and was integral to the respective acts was significantly different. Thus, the 'same evidence' would not produce a conviction for both offenses.").

To convict Wolford of DUI in violation of Code § 18.2-266, the Commonwealth had to prove (1) that Wolford was driving or operating a motor vehicle and (2) that at the time he was driving or operating the motor vehicle he was under the influence of intoxicants. Claxton v. City of Lynchburg, 15 Va. App. 152, 155, 421 S.E.2d 891, 893 (1992). At oral argument, Wolford conceded that when Trooper Crouse activated his emergency lights to pull him over for failing to stop at the intersection with the stop sign, he had already committed all of the acts necessary for a DUI conviction.

When prosecuting Wolford for violating Code § 46.2-817(B), the Commonwealth had to establish that (1) Wolford received a visible or audible signal to stop his motor vehicle from Trooper Crouse, a law enforcement officer; (2) Wolford drove his motor vehicle in a willful and wanton disregard of such signal; and (3) Wolford drove in a manner so as to interfere with or endanger Trooper Crouse's vehicle or endanger a person. Wolford committed all of the acts necessary for the felony conviction after Trooper Crouse activated his emergency lights and siren.

We determine the specific acts, serving as the basis for the prosecution of these offenses, are different. Consequently, "the nature of the specific act peculiar to each prosecution" is separate and distinct. Johnson, 38 Va. App. at 146-47, 562 S.E.2d at 346. Therefore, "the 'same evidence' would not produce a conviction for both offenses." Id. at 147, 562 S.E.2d at 346. Based on this analysis, we conclude that separate acts were involved, and that Wolford's indictment and conviction for violating Code § 46.2-817(B) were not barred by Code § 19.2-294.

- 5 -

## B. Due Process of Law

Wolford argues that principles of due process of law and prosecutorial vindictiveness barred the Commonwealth from prosecuting him for violating Code § 46.2-817(B). He alleges the Commonwealth sought an indictment against him on the felony charge when he appealed his conviction for DUI and that the timing of the prosecution reveals a vindictive motivation.[3]

In Wolford's opening brief, he concedes he failed to properly preserve this issue at trial and requests that we apply the ends of justice exception pursuant to Rule 5A:18.[4] We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see also Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."). The procedural bar requirements of Rule 5A:18 "appl[y] even to . . . constitutional claims." Deal v. Commonwealth, 15 Va. App. 157, 161, 421 S.E.2d 897, 900 (1992).

Moreover, before we invoke the ends of justice exception, Wolford must "affirmatively show[] that a miscarriage of justice has occurred, not [that a] miscarriage *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (emphasis in original). For the reasons that follow, we conclude that Wolford has failed to affirmatively show

---

[3] Further, Wolford contends that after Trooper Crouse apprehended him, Trooper Crouse told him that he would not charge Wolford with attempt to elude so long as Wolford cooperated with him concerning the DUI charge. Thereafter, Wolford contends he cooperated, yet was later prosecuted and convicted of both offenses. As set forth in the opinion, Trooper Crouse never charged Wolford with attempt to elude. Additionally, the decision to present an indictment to a grand jury falls within the discretion of the Commonwealth's Attorney, not the arresting officer.

[4] The brief objection by Wolford's counsel included the following assertion: "[T]here's not a smell right test to this." Wolford's counsel failed to clearly articulate an objection together with the specific grounds in support of the objection. See Rule 5A:18.

that a miscarriage of justice has occurred; therefore, we decline to apply the ends of justice exception.

Wolford asserts that when the Commonwealth pursued the additional charge of felony fleeing to elude after he appealed his conviction for DUI, a "per se" due process violation occurred. He cites <u>Duck v. Commonwealth</u>, 8 Va. App. 567, 383 S.E.2d 746 (1989), and <u>Allen v. Commonwealth</u>, 36 Va. App. 334, 549 S.E.2d 652 (2001), to support his argument that we should apply the ends of justice exception and conclude that the felony prosecution was vindictive. In <u>Duck</u> and <u>Allen</u>, we applied the ends of justice exception and determined a due process violation occurred when the Commonwealth substituted more serious charges against the appellants after each invoked his statutory right to appeal.

<u>Duck</u> and <u>Allen</u> involved post-trial charging decisions. In both of those cases, the appellants had already been charged and convicted in the district court. The prosecutors increased the seriousness of the charges only after each appellant exercised his statutory right of appeal. This case, however, has an entirely different procedural posture. In contrast to the *de novo* appeal of a district court conviction present in <u>Duck</u> and <u>Allen</u>, here, the indictment for violating Code § 46.2-817(B), a separate and distinct offense, involved a pretrial charging decision. See <u>United States v. Goodwin</u>, 457 U.S. 368, 384 (1982) (refusing to apply a presumption of vindictiveness to a pretrial charging decision). Thus, <u>Duck</u> and <u>Allen</u> are factually and legally distinguishable from this case, and do not control our decision.

Moreover, the record in this case does not indicate why the Commonwealth delayed its charging decision on Wolford's felony charge.[5] The appellant has the burden of providing us a record from which we may decide the issues in the case. See <u>Commonwealth v. Williams</u>, 262

---

[5] "[T]he institution of criminal charges, as well as their order and timing, are matters of prosecutorial discretion." <u>Bradshaw v. Commonwealth</u>, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984) (citing <u>Hensley v. City of Norfolk</u>, 216 Va. 369, 372-73, 218 S.E.2d 735, 739 (1975)).

Va. 661, 669, 553 S.E.2d 760, 764 (2001) (citing Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 257 (1961) ("[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.")). Therefore, we cannot "speculate as to whether the Commonwealth had valid, nonvindictive reasons for pursuing the additional charges or whether a miscarriage of justice has occurred." Andrews v. Commonwealth, 37 Va. App. 479, 494, 559 S.E.2d 401, 409 (2002) (citing Hardwick v. Doolittle, 558 F.2d 292, 301 (5th Cir. 1977)).

Because we are unable to determine that a miscarriage of justice occurred "under the facts and circumstances of this case" we cannot consider the merits of Wolford's argument under the ends of justice exception to Rule 5A:18. Allen, 36 Va. App. at 339, 549 S.E.2d at 654 (citing Duck, 8 Va. App. at 570-71, 383 S.E.2d at 748).

### C. Sufficiency of the Evidence

Wolford challenges the sufficiency of the evidence to sustain his conviction for violating Code § 46.2-817(B). He disputes that his conduct was "willful and wanton" and argues that at most, his conduct on May 31, 2003, was "negligent or reckless." We disagree.

"When the sufficiency of the evidence in a criminal case is challenged on appeal, we must view the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the [party prevailing below]." Walton v. Commonwealth, 255 Va. 422, 425-26, 497 S.E.2d 869, 871 (1988) (citing Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E. 2d 382, 383 (1984)). "Great deference must be given to the factfinder who, having seen and heard the witnesses, assesses their credibility and weighs their testimony." Walton, 255 Va. at 426, 497 S.E.2d at 871 (citing Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991)). Therefore, a jury verdict will not be disturbed on appeal "unless it is plainly wrong or without

- 8 -

evidence to support it." Walton, 255 Va. at 426, 497 S.E.2d at 871 (citing Code § 8.01-680; Dukes, 227 Va. at 122, 313 S.E.2d at 383).

The trial testimony proved that after Wolford ran through the stop sign, Trooper Crouse activated his blue lights and his siren to initiate a traffic stop. In response, Wolford immediately accelerated his vehicle and attempted to flee. Wolford's response required Trooper Crouse to pursue him at high rates of speed, well in excess of the posted speed limit on rain-slick roads.

Wolford attempts to distinguish his case from other cases involving willful and wanton conduct because the pursuit only lasted eight-tenths of a mile and caused minimal actual injury. However, his attempt fails to take into account the danger his actions caused when he led officers on a high-speed pursuit late at night on a rain-slick road.

Wolford did not voluntarily surrender after Trooper Crouse activated his blue lights and siren. The pursuit came to an abrupt end solely because Wolford lost control of his vehicle, crossed both lanes of traffic, and then crashed into a cliff. His willful and wanton conduct not only placed the lives of the two troopers in danger, but also anyone else who may have been driving on the same roads that evening. Further, Wolford had a passenger in the vehicle with him when he crashed, and his actions placed that life in jeopardy as well. In explaining the endangerment of persons element of Code § 46.2-817(B) we explained:

> With respect to the endangerment of persons sufficient to constitute a felonious violation of Code § 46.2-817(B), a manifest purpose of the statute is to protect the public against a driver eluding police "so as to . . . endanger a person." Id. Hence, conduct that raises the specter of endangerment is the evil contemplated and proscribed by the statute. To require the threat to be imminent would engraft an element to the offense, thereby permitting the dangerous operation of motor vehicles until a person is actually imperiled, an absurd result that subverts the salutary purposes of the statute.

Tucker v. Commonwealth, 38 Va. App. 343, 347, 564 S.E.2d 144, 146 (2002).

We find that the evidence presented at trial was sufficient to establish that Wolford violated Code § 46.2-817(B).

## III.  CONCLUSION

Accordingly, we affirm Wolford's conviction.

<u>Affirmed.</u>