COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


DESTINY GRACE GORDON

MEMORANDUM OPINION[*] BY
v.        Record No. 2584-10-3                    JUDGE LARRY G. ELDER
                                                  NOVEMBER 1, 2011
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
Mosby G. Perrow, III, Judge

Keith Orgera, Senior Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Joshua M. Didlake, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Destiny Grace Gordon (appellant) appeals her bench trial conviction for petit larceny.

She contends the trial court erred in forcing her to either withdraw her appeal or acquiesce in the

Commonwealth's motion to enter a *nolle prosequi* on the petit larceny indictment.  Because

appellant's counsel voluntarily withdrew the appeal, she cannot now claim the trial court

"forced" her to take any action.  Accordingly, we affirm the conviction.

I.

ANALYSIS

During appellant's appeal from her misdemeanor petit larceny conviction in the general

district court on November 3, 2010, the Commonwealth moved to enter a *nolle prosequi*.

Appellant informed the trial court that if it was "inclined to grant the motion," she wished to

"first withdraw the appeal."  The trial court granted her request.  Appellant argues on appeal that

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the Commonwealth failed to show good cause as to why the motion to *nolle prosequi* should have been granted and, thus, the trial court erred in "forcing [her] to either withdraw her appeal, or suffer an improper and unconstitutional nolle prosequi of her charge." Appellant contends the Commonwealth's desire "to directly indict [her], apparently for a felony charge, rather than the misdemeanor she was convicted on in General District Court" did not constitute good cause.

Code § 19.2-265.3 authorizes the trial court to enter a *nolle prosequi* "only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." "In reviewing an exercise of discretion, we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997). We will, therefore, overturn the trial court's grant of a *nolle prosequi* only where the accused presents "clear evidence that the decision to grant the motion was not judicially sound." Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999).

Here, we are unable to determine whether the trial court had good cause to enter a *nolle prosequi* because appellant voluntarily withdrew her appeal, thereby rendering the issue moot. Unless the trial court actually enters the *nolle prosequi*, any possible harm flowing from the trial court's finding of good cause is wholly speculative.[1] See Luce v. United States, 469 U.S. 38, 42, 105 S. Ct. 460, 463-64, 83 L. Ed. 2d 443, 448 (1984) (holding that a defendant must testify at trial in order to be entitled to appellate review of the trial court's *in limine* ruling permitting the

---

[1] In addition, we note that the trial court did not prompt appellant to withdraw her appeal; appellant, on her own volition, decided to let the misdemeanor petit larceny conviction stand rather than risk being convicted of the more serious felony petit larceny charge. Thus, appellant cannot now argue the trial court erred in "forcing" her into this litigation tactic because the decision to withdraw the appeal was wholly her idea. See Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164-65 (2009) (considering "the error asserted by Rowe" to be "the result of his own strategy and actions at trial" where he argued at trial that assault and battery of a police officer was a lesser-included offense of attempted capital murder of a law enforcement officer, yet argued on appeal that the former was not a lesser-included offense of the latter).

use of a prior conviction to impeach his credibility); Smith v. Commonwealth, 43 Va. App. 374, 378, 598 S.E.2d 325, 327 (2004) (holding that the defendant's "tactical decision not to present witnesses to testify as to his truthfulness . . . waive[d] his right to complain of the trial court's ruling [to allow the Commonwealth to present evidence of the defendant's reputation for unlawfulness] on appeal").

Appellant next argues the Commonwealth's conduct denied her due process by forcing her to choose between forgoing her misdemeanor appeal and risking that the Commonwealth would secure a conviction against her for the felony larceny offense. Conceding she did not make this objection at trial, appellant invokes the "ends of justice" exception to Rule 5A:18.

This Court may consider an alleged error that was not "stated with reasonable certainty at the time of the ruling" in order "to attain the ends of justice." Rule 5A:18. "The record 'must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.'" Akers v. Commonwealth, 31 Va. App. 521, 527 n.2, 525 S.E.2d 13, 16 n.2 (2000) (quoting Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997)). "The denial of due process involves the denial of a fundamental constitutional right and falls within the ambit of Rule 5A:18 to attain the ends of justice." Allen v. Commonwealth, 36 Va. App. 334, 338-39, 549 S.E.2d 652, 654 (2001). We will consider a due process challenge that was not raised in the trial court if "under the facts and circumstances of [the] case, a manifest injustice has occurred." Duck v. Commonwealth, 8 Va. App. 567, 571, 383 S.E.2d 746, 748 (1989).

Essentially, appellant characterizes the Commonwealth's motion to enter a *nolle prosequi* as the "'imposition of a penalty upon the defendant for having successfully pursued a statutory right,'" which constitutes "'a violation of due process of law.'" Battle v. Commonwealth, 12 Va. App. 624, 628, 406 S.E.2d 195, 197 (1991) (quoting North Carolina v. Pearce, 395 U.S. 711, 724, 89 S. Ct. 2072, 2080, 23 L. Ed. 2d 656, 669 (1969)). "A person convicted of an offense is

entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration." Blackledge v. Perry, 417 U.S. 21, 28, 94 S. Ct. 2098, 2102-03, 40 L. Ed. 2d 628, 634-35 (1974). Where "a change in the charging decision [is] made after an initial trial is completed," United States v. Goodwin, 457 U.S. 368, 381, 102 S. Ct. 2485, 2493, 73 L. Ed. 2d 74, 85 (1982), a "presumption of prosecutorial vindictiveness" attaches regardless of whether "[any] evidence [exists] that the prosecutor . . . acted in bad faith or maliciously in seeking a [subsequent] felony indictment against [the defendant]," Perry, 417 U.S. at 28, 94 S. Ct. at 2102, 40 L. Ed. 2d at 634; see also, e.g., Allen, 36 Va. App. at 341-42, 549 S.E.2d at 655.

However, in some cases the Commonwealth may move to enter a *nolle prosequi* without impinging upon an accused's statutory right to a trial *de novo*. See, e.g., Perry, 417 U.S. at 29 n.7, 94 S. Ct. at 2103 n.7, 40 L. Ed. 2d at 635 n.7. As the Supreme Court noted, one such exception arises if "it was impossible to proceed on the more serious charge at the outset." Id. (recognizing that a defendant who was originally tried and convicted for assault and battery could later be indicted for homicide where the victim died subsequent to the first conviction (citing Diaz v. United States, 223 U.S. 442, 32 S. Ct. 250, 56 L. Ed. 500 (1912)).

Here, because appellant moved to withdraw her appeal, we are unable to determine from the record whether the Commonwealth had a constitutionally valid reason for seeking a *nolle prosequi*. In order to indict appellant for petit larceny as a felony, the Commonwealth was required to prove at least two prior convictions for "larceny or any offense deemed to be or punished as larceny." Code § 18.2-104. It is unclear from the record before us on appeal whether appellant in fact had two such prior convictions at the time of her district court trial for the instant petit larceny offense and, even if she did, whether the Commonwealth knew of the

existence of those predicate convictions. In other words, because it may have been legally impossible for the Commonwealth to bring the felony petit larceny charge at the time of appellant's first trial, we would be forced to speculate to determine whether the Commonwealth's motion for entry of a *nolle prosequi* was constitutionally proper. Cf. Reed v. Commonwealth, 6 Va. App. 65, 69, 366 S.E.2d 274, 277 (1988) (declining to speculate as to whether the prosecutor would have used a prior conviction to impeach the defendant or whether the trial court would have allowed the defendant to explain the prior conviction where the defendant opted not to testify). Indeed, it is entirely possible that had the Commonwealth proceeded on the felony indictment, appellant would have been acquitted. Appellant, who voluntarily withdrew her appeal and thereby prevented the Commonwealth from indicting her on the more serious charge, would have this Court issue a ruling based on the mere assumption that if she had exercised her right to appeal, the Commonwealth would both have obtained an indictment for the felony *and* secured a conviction. However, because appellant made the tactical decision to withdraw her appeal, she "failed to affirmatively demonstrate that a 'miscarriage of justice has occurred.'" Andrews v. Commonwealth, 37 Va. App. 479, 494, 559 S.E.2d 401, 409 (2002) (quoting Redman, 25 Va. App. at 221, 487 S.E.2d at 272).

II.

CONCLUSION

In view of appellant's tactical decision to withdraw her appeal, we decline to speculate whether good cause existed to support the *nolle prosequi* entry or whether the Commonwealth moved to enter the *nolle prosequi* in violation of appellant's due process rights. Accordingly, we affirm.

Affirmed.