COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Fulton and Friedman
Argued at Norfolk, Virginia

ERICK LAWRENCE PLUMMER, SOMETIMES KNOWN AS
 UNIQUE RAJOR LAWRENCE, SOMETIMES KNOWN AS
 UNIQUE DIOR LAWRENCE

                                              MEMORANDUM OPINION[*] BY
v.       Record No. 0039-22-1           JUDGE MARY BENNETT MALVEAUX
                                                  OCTOBER 18, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Meghan Shapiro, Senior Assistant Public Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Following a bench trial, the Circuit Court of the City of Chesapeake convicted appellant of

driving as a habitual offender, second or subsequent offense, in violation of Code § 46.2-357, and

sentenced him to eighteen months of incarceration.[1] On appeal, appellant argues that his conviction

violates due process because he drove in good faith reliance upon the issuance of a driver's license

by the Virginia Department of Motor Vehicles ("DMV") following his declaration as a habitual

offender. In addition, appellant challenges the sufficiency of the evidence to sustain his conviction

and contends that the trial court abused its sentencing discretion. For the following reasons, we

affirm the trial court's judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On July 1, 2021, the General Assembly abolished the statutory scheme criminalizing driving as a habitual offender by repealing Code §§ 46.2-355.1 to 46.2-363. 2021 Va. Acts Spec. Sess. I, ch. 463.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

The Evidence at Trial

On July 24, 1998, the DMV declared appellant a habitual offender. Three days later, it mailed a revocation order to appellant's address notifying him of his habitual offender status and explaining that his "privilege to operate motor vehicles in Virginia is revoked indefinitely effective August 26, 1998." During a traffic stop on September 22, 1998, appellant signed a DSA10 form acknowledging his status as a habitual offender. On December 10, 2013, the Circuit Court of the City of Norfolk convicted appellant of driving as a habitual offender.

On May 24, 2019, Chesapeake Police Officer Rega stopped appellant for driving with a defective brake light. When Rega confronted appellant regarding his habitual offender status, appellant said that "laws do not apply to him" because he had been "traveling," not "driving," and was "a sovereign citizen." Rega arrested appellant for driving as a habitual offender, second or subsequent offense.

At trial, appellant testified that he never received notice of his habitual offender status or license revocation.[2] He denied remembering his first conviction for driving as a habitual offender, claiming that he suffers from memory deficits due to "brain damage" and other mental

---

[2] Appellant acknowledged that he was a felon with misdemeanor convictions for crimes of moral turpitude.

health disorders. His mother, Helen Plummer, testified that he "has a thinking problem" from a congenital head injury.

At the conclusion of the evidence, counsel for appellant argued, "[I]f you look at the elements, it appears that they have been met." Nevertheless, counsel for appellant asserted that appellant "doesn't recall being convicted in 2013" and "thought that he was okay to drive" because "[h]e's got some brain issues." The trial court found that appellant had been declared a habitual offender and was subsequently "notified by law enforcement." In addition, the court found that appellant's "explanation to the police officer implies that he was a habitual offender" and had received notice that he "shouldn't [have been] driving." Accordingly, the trial court convicted appellant.

Sentencing

At sentencing, the trial court considered a presentence report detailing appellant's criminal history and the applicable discretionary sentencing guidelines. Appellant's criminal record included convictions for eighty-one felonies and eighteen misdemeanors. The sentencing guidelines recommended an active sentence between six months and a year and six months.

In mitigation, appellant's mother testified that since childhood, appellant has suffered from "mild retardation," including "deficits in his language development" and "auditory memory and processing." Appellant also previously underwent psychiatric hospitalizations to evaluate his competency to stand trial, receiving diagnoses for "schizophrenia, paranoid type, chronic malingering, and mental retardation, mild." Appellant's mother testified that she would assist him with "keeping his medical . . . and mental health appointments" upon his release from incarceration.

Appellant also introduced a document from the DMV titled "Receipt for Surrendered Driver's License/ID Card" dated June 8, 2019, a few weeks after the offense. The document

states that the "receipt acknowledges that the driver's license/ID card of [appellant] has been surrended [sic] to the Virginia Department of Motor Vehicles." It also states that the driver's license/ID card surrendered was issued on August 3, 2018, that the "[r]eason for [s]urrender" was "voluntary surrender," and that the "[l]icense [i]ssue [t]ype" was "duplicate." Appellant testified that he surrendered his "Virginia license" to DMV and that the license was issued to him in 2018 and was not expired or revoked at the time he surrendered it. Appellant further testified that the license was a driver's license, not an identification card. He also agreed with the court's description of the license as a "duplicate driver's license." The Commonwealth's attorney noted that appellant's DMV transcript reflected that no license had been issued to him since he had been declared a habitual offender in 1998.

In addition, appellant introduced an order reflecting that he had successfully petitioned the Circuit Court of the City of Portsmouth to restore his driving privileges in October 2019.

The trial court found that appellant suffered from "some mental health issues" but also observed that "it's been 18 years you've been trying, quote/unquote." Citing appellant's lengthy criminal history, the trial court found appellant to be "somebody who hasn't really given trust to other people who can offer [him] the help" he requires. Accordingly, the trial court sentenced appellant to eighteen months of incarceration. This appeal followed.

ANALYSIS

A.  Due Process Violation

Appellant argues that his conviction violates due process because he relied in good faith on the DMV's representation that he was permitted to drive. In *Miller v. Commonwealth*, 25 Va. App. 727, 737, 739 (1997), this Court recognized an affirmative due process defense available to a defendant "for reasonably and in good faith doing that which he was told he could do" by "a public officer or body charged by law with responsibility for defining permissible

- 4 -

conduct with respect to the offense at issue." Appellant asserts that he reasonably believed he was lawfully driving at the time of the offense based on his receipt of a driver's license from the DMV following his declaration as a habitual offender. However, on appeal, we do not consider appellant's argument because it was waived under Rule 5A:18.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Thus, "this Court 'will not consider an argument on appeal [that] was not presented to the trial court.'" *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004) (alteration in original) (quoting *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998)), *aff'd*, 270 Va. 1 (2005). Moreover, appellate courts "will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue." *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (*en banc*) (citing *Floyd v. Commonwealth*, 219 Va. 575, 584 (1978)). "Rule 5A:18 applies to bar even constitutional claims." *Farnsworth*, 43 Va. App. at 500 (quoting *Ohree*, 26 Va. App. at 308). "Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Appellant's sole argument at trial was that he had "thought that he was okay to drive" because he did not "recall being convicted [for driving as a habitual offender] in 2013" due to "some brain issues." Appellant never asserted any specific constitutional due process argument

based on his receipt of a driver's license from the DMV.[3]  Accordingly, appellant failed to preserve his due process argument for appellate review.  *See Swanson v. Commonwealth*, 56 Va. App. 147, 157 n.7 (2010) (declining to consider defendant's due process argument under *Miller* for the first time on appeal).

Nevertheless, appellant asks us to consider his arguments for the first time on appeal "to attain the ends of justice" under Rule 5A:18.  "The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'"  *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 219 (2004) (*en banc*)).  Whether to apply the ends-of-justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice."  *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)).  "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant."  *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (*en banc*) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)).  "In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred."  *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997)).

Specifically related to appellant's due process claim, we have held that "[t]he denial of due process involves the denial of a fundamental constitutional right and falls within the ambit of Rule 5A:18 to attain the ends of justice."  *Allen v. Commonwealth*, 36 Va. App. 334, 338-39 (2001).  We will consider a due process challenge that was not raised in the trial court if "under

---

[3] Nor did any evidence at trial support such an argument, as it was not until sentencing that appellant introduced the DMV receipt purporting to show that the DMV issued him a license following his declaration as a habitual offender.

the facts and circumstances of [the] case, a manifest injustice has occurred." *Duck v. Commonwealth*, 8 Va. App. 567, 571 (1989).

We conclude that appellant has failed to show that a manifest injustice has occurred; therefore, we decline to apply the ends-of-justice exception. Appellant argues that the trial court erred in convicting him because he acted in reasonable, good-faith reliance on the DMV's issuance of a driver's license to him. However, the document introduced at sentencing does not affirmatively establish that appellant was issued a valid driver's license following his adjudication as a habitual offender. The document only states that it is a "receipt" that "acknowledges" that the "driver's license / ID card of [appellant] has been surrended [sic] to the Virginia Department of Motor Vehicles." There is no indication from this document whether the item surrendered by appellant was in fact a valid Virginia driver's license. While appellant testified that he had surrendered a valid Virginia driver's license that had been issued to him in 2018, appellant's testimony itself does not affirmatively establish that the item he surrendered was a valid Virginia license. Further, he confirmed at trial that the license was a duplicate, and his DMV transcript reflected that no license had been issued to appellant since he was declared a habitual offender in 1998.

Here, appellant failed to introduce evidence establishing a due process defense under *Miller*. Accordingly, the ends-of-justice exception does not apply, and Rule 5A:18 bars consideration of appellant's due process argument.

### B. Sufficiency of the Evidence

Appellant also contends that the evidence failed to prove that he knew that "his revocation was 'in effect' at the time" of the incident.

"In this Court's review of the sufficiency of the evidence to support a conviction, we affirm the decision unless the trial court was plainly wrong or the conviction lacks evidence to

support it." *Peters v. Commonwealth*, 66 Va. App. 743, 746 (2016). "The dispositive question that we must resolve 'is whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."'" *Id.* (quoting *Seaborn v. Commonwealth*, 54 Va. App. 408, 413-14 (2009)). When considering a challenge to the sufficiency of the evidence supporting a conviction, this Court views the facts "in the light most favorable to the Commonwealth, the prevailing party at trial." *Gerald*, 295 Va. at 472 (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)).

Assuming without deciding that appellant preserved this assignment of error, we reject appellant's argument because his knowledge that his revocation was in effect at the time he was driving was not an element that the Commonwealth needed to establish to sustain a conviction under Code § 46.2-357. At the time of the indictment, Code § 46.2-357[4] provided, in relevant part, that "[i]t shall be unlawful for any person determined or adjudicated an habitual offender to drive any motor vehicle . . . on the highways of the Commonwealth while the revocation of the person's driving privilege remains in effect."

> In order to obtain a conviction against a defendant charged with a violation of Code § 46.2-357, the Commonwealth must prove, *beyond a reasonable doubt*, that the defendant drove a motor vehicle on a public highway while his driving privilege was revoked; that the defendant had been determined or adjudicated an habitual offender; and that the defendant received actual notice of his status as an habitual offender.

*Bishop v. Commonwealth*, 275 Va. 9, 13 (2008). However, a conviction under Code § 46.2-357 does not require proof of a defendant's actual knowledge of his status as a habitual offender or the validity of his license at the time of the offense; rather, it requires proof only that the defendant drove after receiving notice of his declaration as a habitual offender. *See Claytor v.*

---

[4] The General Assembly repealed Code § 46.2-357 effective July 1, 2021. 2021 Va. Acts Spec. Sess. I, ch. 463.

*Commonwealth*, 62 Va. App. 644, 653 (2013) (holding that prior case law concerning Code § 46.2-357 "does not require that a driver receive notice of his *current status*, but rather that he receive notice that he *has been declared* an habitual offender").[5]

Here, the Commonwealth established that appellant was adjudicated to be a habitual offender, received notice of that adjudication, and was driving a vehicle in the Commonwealth. In July 1998, the DMV declared appellant a habitual offender. During a traffic stop in September 1998, appellant signed a DSA10 form acknowledging his status as a habitual offender. Because the evidence in the record demonstrated that appellant received notice of his habitual offender adjudication, and because his "subjective knowledge or belief regarding his status [as a habitual offender] [was] irrelevant" for purposes of Code § 46.2-357, we conclude that the evidence was sufficient to sustain appellant's conviction under that code section. *Claytor*, 62 Va. App. at 654.

## C. Sentencing

Finally, appellant argues that the trial court abused its sentencing discretion by failing to properly weigh "mitigating factors." Appellant asserts that the court "gave too much weight" to his previous convictions for driving on a revoked license and inadequate consideration to his indigency, mental health conditions, mistaken belief that his license was valid, and successful restoration of his driving privileges after years of eligibility. We disagree.

---

[5] Appellant contends that *Claytor* should be "reversed, overturned, or modified." Under the doctrine of interpanel accord, however, "a decision of a panel of the Court of Appeals becomes a predicate for application of the doctrine of *stare decisis* until overruled by a decision of the Court of Appeals sitting *en banc* or by a decision of [the] [Supreme] Court." *Brown v. Commonwealth*, 68 Va. App. 44, 51 n.1 (2017) (second alteration in original) (quoting *Johnson v. Commonwealth*, 252 Va. 425, 430 (1996)). "This principle applies not merely to the literal holding of the case, but also to its *ratio decidendi*—the essential rationale in the case that determines the judgment." *Hutton v. Commonwealth*, 66 Va. App. 714, 724 n.5 (2016) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73-74 (2003)). Thus, we decline appellant's invitation to discard or modify established precedent.

"We review the trial court's sentence for abuse of discretion." *Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011). It is well established that "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Here, appellant's sentence was within the range set by the legislature. *See* Code § 46.2-357(B)(2) (providing that driving as a habitual offender, second or subsequent offense, is a felony punishable by a mandatory minimum sentence of twelve months in jail or one year in prison and a maximum of five years).

Moreover, it was within the trial court's purview to weigh the mitigating evidence appellant presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Here, the record demonstrates that the trial court reviewed and considered the mitigating evidence appellant cites on appeal, including appellant's significant history of mental illness and cognitive impairment. Balanced against that evidence, however, was appellant's extensive criminal record. After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate. That sentence "does not exceed [the statutory] maximum," and thus we conclude that sentence imposed did not constitute an abuse of discretion by the trial court. *Id.* at

564; *see also Thomason*, 69 Va. App. at 99 ("Appellant's sentence was within the statutory range, and our task is complete.").

## CONCLUSION

For the foregoing reasons, we affirm appellant's conviction and sentence.

*Affirmed.*